IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:21-CR-00253-ALM-KPJ |
| | § | |
| HENRIENTHA OZIEGBE (27) | § | |

### DEFENDANT'S APPEAL OF DETENTION ORDER
### AND REQUEST FOR HEARING

**COMES NOW** DEFENDANT **HENRIENTHA OZIEGBE** (hereinafter "Defendant" or "Ms. Oziegbe"), by and through her attorney of record **DIMITRI DUBE** (hereinafter "Attorney"), and hereby moves this Court pursuant to 18 U.S.C. § 3145(b) to revoke the detention order entered in this case by Magistrate Judge Priest-Johnson on October 18, 2021. In support of this motion, Defendant sets forth the following facts and argument.

### Introduction

Defendant Henrientha Oziegbe is a 23 year old college student in her senior year in the clinical nursing program at the University of Kentucky. She has a 3.9 GPA and is scheduled to graduate with high honors. Upon hearing of her arrest in this case, the Dean of the Nursing Program wrote the Court in support of Ms. Oziegbe telling the Court that Henrientha is a "beloved and highly respected student leader…who engages and helps other new international students acclimate to the school." The Dean respectfully asked the Court for Ms. Oziegbe's release on behalf of the clinical nursing program's "students, faculty, and staff who are heart-broken" about her detention. *See Exhibit 1.*

Ms. Oziegbe emigrated to the United States from Nigeria in 2016 on a student visa. She

has remained in the United States and has not traveled abroad since arriving in the United States. She is currently in the United States legally on an I-20 visa. Ms. Oziegbe has already been offered post-graduation employment at the University of Kentucky hospital, which would allow her to retain an immigration visa to stay legally in the United States.

At her detention hearing, Ms. Lydia Mensah flew to the Eastern District of Texas from Kentucky to testify as a prospective third-party custodian[1] for Ms. Oziegbe. Ms. Mensah testified that she has known Ms. Oziegbe since she emigrated to the United States. She testified to Ms. Oziegbe's strong character and morals, including her belief that Ms. Oziegbe would not knowingly engage in criminal conduct. Ms. Mensah testified that their relationship is very close and that Ms. Oziegbe is akin to a daughter to her and spends Christmas and all holidays with her at her home. She testified to Ms. Oziegbe's strong desires to remain and establish a life and family in the United States post-graduation. She testified that she would permit Ms. Oziegbe to remain at her home while on pretrial release.

## The Charges & Detention Order

The Government has charged Ms. Oziegbe with wire fraud and money laundering. FBI Agent Joseph Matthews testified at Ms. Oziegbe's detention hearing that the gist of the case against Ms. Oziegbe is that a co-defendant, Sandra Irigbhogbe, deposited money stolen from victims of

---

[1] The Magistrate noted that she did not find Ms. Mensah to be an appropriate third-party custodian because Mensah was unaware of Defendant's participation in this conspiracy and Ms. Mensah was not aware that Ms. Oziegbe used marijuana "regularly." There are several problems with the Magistrate's conclusion. First, it assumes the Defendant's guilt and participation in the scheme. There was no evidence presented at the detention that conclusively established Ms. Oziegbe's guilt to the point that Ms. Mensah's statement that she was unaware of Ms. Oziegbe participating in this case should disqualify her a s third party custodian. Second, the Magistrate's conclusion that Ms. Oziegbe regularly uses marijuana is incorrect. The Magistrate's conclusion originates from testimony by Agent Matthews that undersigned counsel told Agent Matthews that Ms. Oziegbe's only concern with a search of her phone is that Agents would discover that she had experimented with marijuana on "one occasion." The Agent did not testify that Ms. Oziegbe regularly used marijuana or had substance abuse issues that Ms. Mensah should have been aware of. To be clear, Ms. Mensah is an excellent third-party custodian for Ms. Oziegbe. She is a woman in her late forties. She has no criminal history. She is gainfully employed for a well-known company. She has no reason to place herself or her family in jeopardy by not ensuring that Ms. Oziegbe comply with all her conditions.

fraud into Ms. Oziegbe's bank account and these funds were transferred to accounts linked to seven co-conspirators. According to the Agent, the co-defendant stated in intercepted communications that international students were part of her organization. The co-defendant also stated that the total amount of funds transferred from Ms. Oziegbe's account amounted to approximately $45,000.

In her written order filed on October 18, 2021, the Magistrate Judge identified the following reasons for detaining Ms. Oziegbe: (1) the weight of the Government's evidence; (2) defendant is subject to lengthy period of incarceration of found guilty; (3) lack of ties to the district; (4) significant family ties outside of the United States; (5) defendant subject to deportation after period of incarceration.

### The Law:

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may seek review of the detention order in district court. The district court's review is de novo. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Federal Rule of Criminal Procedure Rule 59(a) establishes a fourteen-day deadline for a defendant to seek review of a magistrate judge's detentionorder. *See* FED. R. CRIM. P. 59(a). *United States v. Cooper*, No. 3:16-cr-60-M (2), 2018 U.S. Dist.LEXIS 67891, at *8 (N.D. Tex. Apr. 2, 2018). Thus, review is timely because it falls within that fourteen-day window.

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. *United States v. Chavez*, No. 4:20-CR-371-SDJ, 2021 U.S. Dist. LEXIS 47247, at *7-9 (E.D. Tex. Mar. 12, 2021). The Bail Reform Act "clearly favors nondetention." *United States v. Byrd,* 969 F.2d 106, 109 (5th Cir. 1992). Only if the court finds that "no condition or combination of conditions will reasonably assure" the defendant's appearance and community safety shall the judicial officer order detention. 18 U.S.C. §3142(e). *See United States v.*

*Okhumale*, 813 F. App'x 936, 938 (5th Cir. 2020).

## Analysis

Here, the Magistrate is incorrect that there are no conditions or combination of conditions that can reasonably assure the Defendant's appearance and community safety. As an initial matter, Defendant Oziegbe is not a danger to the community. Ms. Oziegbe has no criminal history. Even if her alleged role in the conspiracy were true, which Defendant maintains it is not, Defendant notes that the co-defendant who allegedly deposited the funds in her account is in custody and there is no evidence that Ms. Oziegbe would have had the means or ability to participate in this crime with her incarcerated.

Moreover, Ms. Oziegbe is a college student, who has been diligently pursuing her education in clinical nursing for four years. She is an Honors student with a 3.9 GPA. The dean of her clinical nursing program has written the Court to extol the benefits that Ms. Oziegbe provides to her school and fellow students. Post-graduation, she intends to serve her community as a nurse. Thus, rather than being a danger to the community, Ms. Oziegbe would be an asset to the community while on pretrial release.

To be clear, detaining Ms. Oziegbe at this time could also serve a great fundamental injustice of rendering her unable to complete her education that she has worked hard for and obtaining her offered employment even if she is found innocent of this crime. If detained, she would not be able to remain enrolled at school beyond December 2021, which is a condition of her visa. The trial date in this case is now scheduled for February 2022. Thus, if she is in pretrial detention at the time of her "not guilty" verdict, she would be out of status and subject to immigration custody and deportation. Allowing her to remain on bond, and in school to benefit her school and community while subject to the Court's conditions is the most equitable solution

to protects Ms. Oziegbe's presumption of innocence.

With respect to the Magistrate's concern that Ms. Oziegbe is a flight risk, these concerns can be significantly eliminated by the Court confiscating her passport.  There are no allegations that Ms. Oziegbe has the capacity to create fraudulent documents or use any other means to escape overseas without a passport.  Further, the Court can also place strict conditions upon her such as home confinement (when she is not at school) and GPS monitoring that can reasonably assure the Court of Ms. Oziegbe's location at all times.

With these potentially drastic consequences that could erase years of Ms. Oziegbe's hard word, the general assumptions that undergird the Magistrate's conclusion that Ms. Oziegbe is a flight risk are insufficient.  The fact that Ms. Oziegbe has family in Nigeria does not mean she desires to be in Nigeria or that she would flee there illegally.  Beyond these allegations, Ms. Oziegbe has no criminal history and a reputation that is spotless.  The Magistrate was incorrect in presuming that such a person would commit the serious crime of fleeing this country to abscond from this Court, without trying to clear her name and reputation from these charges.

 Further, the notion that Ms. Oziegbe would flee is inconsistent with the fact her entire current life is here in the United States.  Ms. Mensah has testified to the deep love and bond between her and Ms. Oziegbe, telling the Court that Ms. Oziegbe is closer to her than she is with her own mother.  More poignantly, Ms. Oziegbe's friends are here in the United States.  Her education is here in the U.S., as well as her job prospects. Ms.  Oziegbe's primary life purpose currently is completing her nursing education that she has been diligently pursuing for four years. That education can only be completed here in America at the University of Kentucky. Thereafter, she intends to continue with her chosen field by continuing to work with the University of Kentucky Hospital System, where she has already secured prospective legitimate

employment at a significant salary.

In detaining Ms. Oziegbe, the Magistrate placed too much weight on her belief of the strength of the Government's case. The Magistrate's belief in the Government's case resulted from hearing the testimony of the FBI agent, when the defense had not yet received any discovery. Even then, the Government could only show that these funds were deposited into Ms. Oziegbe's accounts and were transferred out of her account. They had no evidence, no communications, or admissions by Defendant or any conspirator that Ms. Oziegbe knew that the source of the funds was unlawful, which is a necessary element of the offense.

The Magistrate also placed too much weight on the fact that Defendant would lose her visa and hence be deportable if convicted of the offense. At this stage, Ms. Oziegbe has not been convicted. Indeed, she is presumed innocent. Given the fact that the Court has granted the Government's motion to designate this case as complex, it could be months if not years before a trial to adjudicate Ms. Oziegbe's guilt or innocence will occur.[2] During this entire time, Ms. Oziegbe would maintain her visa, remain employed, and stay a productive member of her community. Further, even if the Magistrate is correct and Ms. Oziegbe is eventually convicted, the Court can always revisit the issue of detention upon any guilty plea or verdict.

For these reasons, Defendant Oziegbe asks this Court to vacate the Magistrate's Order of Detention. Ms. Oziegbe asks the Court to release her to third-party custodian Lydia Mensah under conditions that Ms. Oziegbe surrenders her passport, be fitted with electronic GPS monitoring device, be placed on home confinement when not attending school, and any other

---

[2] Indeed, with the relatively small loss amount in this case, there is significant chance that Ms. Oziegbe could be incarcerated pretrial longer than her potential guideline range in this case.

standard or special conditions that the Court deems appropriate.

Respectfully submitted,

_____/s/ Dimitri Dube_____
Dimitri Dube
State Bar No. 24068944
Dimitri Dube PC
325 N. St. Paul, Suite 2750
Dallas, TX 75201
972.975.2010 fax
dimitridubepc@gmail.com

## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel has conferred with the attorney for the Government, Heather Rattan, and she is opposed to the relief sought.

_____/s/ Dimitri Dube_____

Dimitri Dube

## CERTIFICATE OF SERVICE

This is to certify that undersigned counsel served a copy of this motion via ECF to Assistant United States Attorney.

_____/s/ Dimitri Dube_____

Dimitri Dube

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **NO. 4:21-CR-00253** |
| | § | |
| **HENRIENTHA OZIEGBE** | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO APPEAL/REVOCATION OF DETENTION ORDER OR SETTING HEARING

On this day, came on to be considered Defendant's Appeal/Revocation of Detention Order of United States Magistrate Judge's Order of Pretrial Detention. The Court, having considered the motion finds that it should be GRANTED.